# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv197

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| RUGER, MODEL 223 MINI RIFLE, | ) | |
| SERIAL NO. 18492495, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

**THIS MATTER** is before the court after completion of an Initial Pretrial Conference on August 18, 2009. At that hearing, the parties appeared and discussed the issues set forth in this court's earlier Order setting the matter for hearing. Despite having set forth such issues the previous week, no action had been taken before the hearing to resolve such problems.

At the hearing, the government argued that there was no requirement that minors be represented by guardians ad litem in federal court, but that if guardians were appointed, that they should be lawyers. Neither argument has merit as a matter of well settled law.

First, minors may not appear as litigants in federal civil procedures without the assistance of guardians:

> **(c) Minor or Incompetent Person.**
> **(1) With a Representative.**
> The following representatives may sue or defend on behalf of a minor or an incompetent person:

> (A) a general guardian;
> (B) a committee;
> (C) a conservator; or
> (D) a like fiduciary.
> **(2) Without a Representative.**
> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. **The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.**

Fed.R.Civ.P. 17(c)(emphasis added). Thus, the federal rules specifically require the appointment of guardians ad litem.

The government's argument appears to be based on a misreading of Rule 17, specifically the language that provides that a minor "may sue" through a next friend or a guardian ad litem. This "may sue" language of the rule does not make the appointment of a representative permissive; rather, it is only permissive as to the type of representative through which the minor may appear. Id. The language of the Rule could not be clearer that "[t]he court must appoint a guardian ad litem . . . ." Id.

It is fundamental to civil practice that minors are not competent to sue or be sued without the appointment of guardians ad litem and that any judgment rendered as to an unrepresented minor would be voidable. This means that if the court moved forward in the manner suggested by the government, these minor defendants could, upon reaching their respective majorities, void the judgment and require the government as well as this court to relitigate the issues herein presented. This would be a waste of judicial and taxpayer resources. The court would commend the government to read <u>Williston on Contracts</u>, which provides as follows:

> An infant cannot personally prosecute an action in court. Rather,

an action on his or her behalf must be brought either by a guardian or by a next friend. At common law, it is a good plea in abatement that a plaintiff who sues without a guardian or next friend is an infant. If a judgment is entered against a minor plaintiff who sues without being thus represented, the judgment will be voidable, and in some jurisdictions, void. When judgment is rendered in favor of the infant and is "not prejudicial to his interest," it has been held not void. This practice of allowing an infant to sue by his or her next friend instead of by a guardian is derived from an early English statute and is carried forward by the Federal Rules of Civil Procedure and their state counterparts.

The general guardian "is usually the proper person to represent the infant in such action. But there are frequently cases when the infant may properly sue by next friend, notwithstanding the existence of such guardian, as when the guardian is absent or is unwilling or unable to institute or prosecute the required action or appeal, and especially when, though declining to take such action himself, he does not forbid such proceeding, or when he is disqualified by interest hostile to that of the infant, or is for other reasons an improper or unsuitable person to prosecute such actions in behalf of the ward."

Although the next friend is not appointed by the court, the next friend's authority to prosecute an action may be revoked by the court. The action is properly brought in the name of the infant with the statement that he or she is represented by a stated next friend or guardian, not in the name of the next friend or guardian. In most jurisdictions, if an infant is sued, it is the duty of his or her general guardian, if he or she has one, to appear and defend the action, or the court will appoint a guardian ad litem. Neither an "asserted or actual parent, may claim to be a guardian ad litem of his minor child as a matter of right. A guardian ad litem is appointed as a representative of the court to act for the minor in the cause, with authority to engage counsel, to file suit and to prosecute, control and direct the litigation. As an officer of the court the guardian ad litem has full responsibility to assist the court 'to secure the just, speedy and inexpensive determination' of the action."

If the infant has no general guardian, or if the general guardian has an adverse interest, the court will appoint a guardian ad litem. It should be noted that the infant has no power to bind herself by an appearance on her own behalf, or by an attorney of her own appointment, or by a next friend; and a judgment obtained against an infant without the appearance of a guardian, or a guardian ad litem, is voidable, and in some jurisdictions void, as is a judgment against a minor who was represented only by a guardian whose interests were adverse to the minor's own interest. Similarly, it has been held that a

consent judgment confessed by an insurer on behalf of the insured and his son was voidable when the consent of the infant son and his guardian had not been obtained.

WILLSTN-CN § 9:25 (footnotes omitted).

The court also considered the government's argument that any guardians ad litem appointed for the minor defendants should be an attorneys. There is a fundamental distinction between a guardian ad litem and an attorney ad litem, as explained by the Court of Appeals for the Fifth Circuit:

> The roles of a guardian ad litem and an attorney ad litem differ, and we must consider each separately. A guardian ad litem is, in a sense, an officer of the court. "[He] is not simply counsel to one party in the litigation, but instead plays a hybrid role, advising one or more parties as well as the court." *Schneider v. Lockheed Aircraft Corp.*, 658 F.2d 835, 854 (D.C.Cir.1981), *cert. denied*, 455 U.S. 994, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982); *see also Friends for All Children, Inc. v. Lockheed Aircraft Corp.*, 725 F.2d 1392, 1400-01 (D.C.Cir.1984) (Mikva, J., dissenting in part); *Franz v. Buder*, 38 F.2d 605, 606 (8th Cir.1930); *cf.* Fed.R.Civ.P. 17(c) (authorizing appointment of guardian ad litem by district court). As one court explained, "[T]he infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done him. The guardian ad litem is appointed merely to aid and to enable the court to perform that duty of protection." *Richardson v. Tyson*, 110 Wis. 572, 86 N.W. 250, 251 (1901), *quoted in Friends for All Children*, 725 F.2d at 1400. **An attorney ad litem, in contrast, serves no special function.** He performs the same services as any attorney-giving advice, doing research, and conducting litigation-only for a minor child rather than for an adult.
>     As an officer of the court, the expenses of a guardian ad litem are properly taxable as costs pursuant to Fed.R.Civ.P. 54(d).

duPont v. Southern Nat. Bank of Houston, Tex., 771 F.2d 874, 882 (5th Cir. 1985)(emphasis added; citations deleted). In this case, the minor defendants already have counsel and the government has not argued any reason why such attorney is not qualified to provide legal representation to the minors as well as the adult claimants.

–4–

Rule 17 requires the court to appoint guardians ad litem, not attorneys ad litem, who assist the court in fulfilling its duty of protecting the interests of the minors. Specifically, a guardian ad litem speaks for the minor and advocates such minor's best interests in their dealings with the court. This is a role that has, since common law, been filled by qualified non-lawyers who otherwise have no interest in the litigation.

It appearing that the parties having been unable to advance this matter and resolve these concerns before the hearing, the court will now set deadlines for respective counsel to advance this case so that joinder of the issues may occur. See L.Cv.R. 16.1(D).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the following deadlines are set:

(1) motions for the appointment of a guardian ad litem for each of the minor claimants shall be filed not later than September 4, 2009 (as to each claimant who remains a minor as of such date), and each motion shall contain the name of a qualified disinterested individual along with a brief summation of such individual's qualification;

(2) Kristopher Mark Murphy Van Buskirk shall, after appointment of a guardian ad litem, file his Answer not later than September 14, 2009, and all the remaining minor claimants shall by that date - - by and through their guardians ad litem - - either file amended claims and answers or file affirmations of the pleadings previously filed on their

behalf, which were made without a guardian ad litem; and

(3) the parties having indicated a desire to consent in their CIAC, after the appointment of guardians ad litem, but not later than September 14, 2009, the parties shall file a written consent on the form prescribed by the Local Civil Rules under 28, United States Code, Section 636(c), if they so desire to consent. The court will inquire no further as to such document and will, in accordance with the Local Civil Rules, consider a lack of such filing to reflect an anonymous decision not to consent.

Signed: August 19, 2009

Dennis L. Howell
United States Magistrate Judge